**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-114 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TERRANCE LORENZO WHITE, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Defendant's Pro Se Motion to Reduce Sentence (Doc. 64). Specifically, Defendant Terrance White requests a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4A1.1. (Motion, Doc. 64.) He also seeks court-appointed counsel for the limited purpose of adjudicating this matter. (*Id.*) The Government opposes Defendant's Motion. (*See* Response, Doc. 66.) This matter is now ripe for the Court's review.

On April 11, 2023, Defendant Terrance White was sentenced to eighty-seven months of imprisonment after pleading guilty to possessing a firearm as a felon. (Judgment, Doc. 57, Doc. 210-11.) Now, Defendant asks the Court to retroactively reduce his sentence. (Motion, Doc. 64). Pursuant to 18 U.S.C. § 3582(c)(2), a "court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

At the time of Defendant's sentencing, the United States Sentencing Guidelines provided for the addition of two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Commission Amendment 821 (2023) (striking U.S.S.G. § 4A1.1(d)). In November 2023, U.S.S.G. § 4A1.1(e) was amended as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

As the Government points out, neither the prior Guideline provision nor the amended provision applies to Defendant. (Response, Doc. 66, Pg. ID 333-34.) In light of the Presentence Investigation Report and the Post-Addendum to the Presentence Investigation Report, the Court calculated Defendant's criminal history score as four because he had two one-point prior convictions and one two-point conviction. (Presentence Investigation Report, Doc. 42, Pg. ID 133; Post-Addendum, Doc. 56; Transcript, Doc. 61, Pg. ID 245.) Defendant did not commit the operative crime of conviction, however, while under any criminal justice sentence; no other criminal history points were added. (*Id.*) Thus, as the amended provision of U.S.S.G. § 4A1.1(e) has no impact for Defendant, a sentencing reduction is not warranted. *See, e.g., United States v. Thompson*, No. 31316-74, 2024 WL 4453273, at *2 (E.D. Tenn. Oct. 9, 2024) (concluding that the defendant is "ineligible for a reduction under Section 4A1.1(e) because she did not receive any 'status points' at the time she was sentenced"); *United States v. Woods*, No.

2

1:22-CR-45-2, 2025 WL 306345, at *2 (W.D. Mich. Jan. 27, 2025) (denying a motion to reduce sentence when the amended Guidelines would not have altered the defendant's criminal history category or sentencing range).

As for Defendant's original unsigned Pro Se Motion to Reduce Sentence, he also appears to rely upon the 2024 Amendment to the United States Sentencing Guidelines concerning youthful offenders. (Initial Motion, Doc. 62, Pg. ID 288-89.) But, following the Court's order advising Defendant of its intent to strike the unsigned motion (Order, Doc. 63), Defendant's revised and signed motion makes no mention of this argument for a sentence reduction. (*See* Motion, Doc. 64.) Thus, this argument is not properly before the Court. In any event, even liberally construing these pro se motions together, Defendant's youth-based arguments for a reduction are not well taken. As Defendant recognizes, Amendment 829, which revised how the age of an offender can be considered at sentencing under U.S.S.G. § 5H1.1, was not retroactive. (Initial Motion, Doc. 62, Pg. ID 288.) *See United States v. Edwards*, No. 1:21-CR-126-3, 2025 WL 987742, at *2 (N.D. Ohio Apr. 2, 2025). And, since "November 1, 2025, U.S.S.G. § 5H1.1 is no longer in effect due to Amendment 836, which removed § 5H1.1 from the Sentencing Guidelines." *United States v. Dantzler*, No. 14-20425-6, 2026 WL 1182021, at *2 (E.D. Mich. Apr. 30, 2026). This is therefore not a basis for a sentence reduction. Finally, while the Court commends Defendant's efforts to personally make "significant improvements," a sentence reduction is not warranted on this basis either. (Initial Motion, Doc. 62, Pg. ID 288-89.)

As a concluding note, Defendant also requests appointed counsel to assist him in adjudicating this matter. (Motion, Doc. 64, Pg. ID 329.) Criminal defendants, however,

are not entitled to court-appointed counsel in adjudicating motions to reduce their sentence under 18 U.S.C. § 3582(c). *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Moreover, in light of the foregoing analysis, court-appointed counsel is not appropriate. *See United States v. Thomopoulos*, No. CR 5:18-134, 2024 WL 5008067, at *4 (E.D. Ky. Dec. 2, 2024).

For all these reasons, the Court **DENIES** Defendant's Pro Se Motion to Reduce Sentence (Docs. 62, 64).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4